IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

ROBERT JOSEPH SCHMITT, #1061867 §
§
VS. § CIVIL ACTION NO. 4:16cv818
§
DIRECTOR, TDCJ-CID §

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Christine A. Nowak. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Petitioner filed documents entitled, "Applicant's Answer to State's Response" (Dkt. #11), and "Response to State's Response" (Dkt. #13) after the Court issued the Report. Therefore, in the interest of justice, the Court construes both documents (Dkt. ##11, 13) as objections to the Report. After conducting a de novo review of the construed objections, the Court concludes they are without merit.

Petitioner appears to argue the Magistrate Judge erred in construing Respondent's motion to dismiss as an answer to Petitioner's petition (Dkt. #13, pp. 1-2). "[D]istrict courts have the inherent authority to manage their dockets . . . with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997). Rule 5 of the *Rules Governing Section 2254 Cases in the United States District Courts* (Rule 5) identifies the requirements for a respondent's answer. As required by Rule 5(a), Respondent filed its pleading in response to the Magistrate Judge's order to respond. Furthermore, in the response, Respondent addressed allegations in Petitioner's Section 2254 Petition,

as well as issues of procedural bar and statute of limitations, as required by Rule 5(b). Thus, the Magistrate Judge properly construed Respondent's pleading as a response to Petitioner's petition. *See* 4:17-cv-218, Dkt. #19; 4:15-cv-707, Dkt. #23; and 4:08-cv-09, Dkt. #8.

Petitioner also argues the Magistrate Judge erred in construing his habeas petition as a petition under 28 U.S.C. § 2254, rather than 28 U.S.C. § 2241, as originally filed (Dkt. #11, pp. 1-3; Dkt. #13, pp. 2-4).[1] A review of the record shows Petitioner's habeas petition asserts (1) the trial court issued an illegal and unlawful sentence beyond the statutory maximum, (2) the trial court's *sua sponte* cumulation order violated the ex post facto clause and Petitioner's right to due process, and (3) Petitioner is actually innocent of count two of the indictment (Dkt. #1, pp. 6-7). Because Petitioner's federal habeas petition attacks the constitutional validity of his conviction and sentence, the Magistrate Judge properly determined the petition is governed by Section 2254. *See Hartfield v. Osborne* 808 F.3d 1066, 1072 (5th Cir. 2015) (stating if a petitioner's claim "is properly characterized as an attack on the 'validity of his conviction and sentence,' [the petition] 'must ... be brought under § 2254.'").

Petitioner also appears to argue the instant petition is not a successive petition because the Court dismissed his prior Section 2254 petition without prejudice (Dkt. #11, p. 1). This is factually incorrect. A review of the docket in Cause No. 4:06-cv-168 demonstrates the Court dismissed Petitioner's prior petition with prejudice. (*See* Dkt. ##13,14, in Cause No. 4:06-cv-168).

---

[1]In support of his objection, Petitioner cites to *Nicholas v. Symmes*, 533 U.S. 678 (2001). An extensive search failed to reveal a Supreme Court case styled as such. The Supreme Court case cited as 533 U.S. 678 (2001) is styled *Zadvydas v. Davis* and concerns reasonableness limitations to the post-removal-period detention statute for resident aliens. Additionally, without providing a case name, Petitioner cites to 533 F.3d 647 (8th Cir. 2009), for the proposition that "§ 2241 petitions are primarily open to prisoners challenging an unlawful and illegal condition of confinement." However, this out-of-circuit case pertains to a summary judgment action against an insurance company. *See Murray v. Greenwich Insurance Company*, 533 F.3d 644 (8th Cir. 2008).

Finally, Petitioner re-argues claims raised in his Section 2254 Petition (e.g., actual innocence and sentencing errors), as well as raises new substantive arguments (e.g., ineffective assistance of counsel) in his objections (Dkt. #11, pp 4-12). The Report, however, properly finds Petitioner's petition is a successive petition, and thus, the Court does not have subject matter jurisdiction to consider the petition unless Petitioner receives permission from the Fifth Circuit to file a successive petition. 28 U.S.C. § 2244(3)(A). Petitioner has not shown he has permission from the Fifth Circuit to file the present petition. It is therefore

**ORDERED** the petition for a writ of habeas corpus (Dkt. #1) is **DENIED** and the case is **DISMISSED** without prejudice. A certificate of appealability is **DENIED**. It is further

**ORDERED** all motions by either party not previously ruled on are **DENIED**.
 **SIGNED** this 26th day of February, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE